CATHERINE RAPP, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Second Department, December 15, 1916.

Municipal corporations — city of New York — presentation of claim — stipulation on adjournment of examination construed.

Where a notice of claim against the city of New York was presented and the claimant notified to appear for examination on a certain date, but an adjournment was procured by a stipulation that it "is without prejudice to the comptroller's right to settle or adjust the claim within the same period of time after such examination is held as the comptroller had at the date fixed originally for the examination, and that no suit may be brought until after the expiration of such period of time," the time preserved to the comptroller by the stipulation was not affected by the plaintiff's default on the adjourned date, and the commencement of an action before the expiration of said time after the actual examination was premature.

"Such examination" within the meaning of the stipulation means that which the statute gives, not one that must be held on the adjourned date if plaintiff make that date unavailing by failing to appear.

APPEAL by the plaintiff, Catherine Rapp, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 14th day of June, 1916, upon a dismissal of the complaint by direction of the court on the opening.

*Ralph G. Barclay,* for the appellant.

*William E. C. Mayer* [*Lamar Hardy, Corporation Counsel, Terence Farley* and *Edward S. Malone* with him on the brief], for the respondent.

THOMAS, J.:

The question is whether the action, begun on June fourth, should have awaited June fifth to give the comptroller twenty-three days wherein to adjust the claim. The notice of claim was presented on March 5, 1915, and the claimant was notified to appear for examination on March twelfth. The claimant did not appear at that date because of an adjournment to April twenty-eighth, procured by a stipulation that it "is without prejudice to the comptroller's right to settle or adjust the claim within the same period of time after such examination is held as the comptroller had at the date fixed originally for the examination, and that no suit may be brought until after the expiration of such period of time." That stipulation preserved twenty-three days to the comptroller. At the request of the plaintiff's attorney, the time of examination was adjourned to May twelfth, when it was had. The question is whether the agreement continuing the comptroller's time to settle entered into the final arrangement. If so, the action was prematurely brought by one day. The plaintiff asked to defer the exercise of a right that defendant had, and the defendant assented upon the agreement that its time to settle should remain unaffected. The plaintiff failed to appear upon the adjourned day, and, being in default, asked for another day and got it. The plaintiff's present contention is in effect that her default on April twenty-eighth terminated the operation of the stipulation, and that the twenty-three days, that had been held in suspense by it, began to run out, and that all further delays were at the defendant's loss. By that argument, if there had been no examination by reason of plaintiff's failure, the action after twenty-three days from April twenty-eighth could have been begun without it. For if, during the continuance of the default, the time of the comptroller was shortening day by day, it must inevitably lapse on May twenty-first, the end after April twenty-eighth of the twenty-three days reserved. So the plaintiff's failure would enable her to escape examination before suit brought. The defendant could get the benefit of an examination only by holding it within the initial period of thirty days, unless in case of adjournment it stopped the time running, which it did by conditioning a postponement of

the examination on a suspension of the limitation. It had twenty-three days at the return day for the examination, and it was agreed that no suit should be brought until after the expiration of such period of time "after such examination is held." "Such examination" means that which the statute gives, not one that must be held on April twenty-eighth if plaintiff make that date unavailing. That fixed date of taking it was incident to the substance of the thing itself. The plaintiff cannot defeat the examination and thereby escape the condition that adhered to taking it. After the plaintiff defaulted, it could not be said that the city was neglecting or refusing to make adjustment or payment. Plaintiff had deprived the city of an instrumentality to measure its liability. Without prejudice before plaintiff's default and with prejudice thereafter, even during her restoration to a favor, is the appellant's interpretation of the agreement. But that is neither its reading nor spirit. It is urged that the extension should have been plead in the answer. However that may be, the history was stipulated on the trial.

The judgment should be affirmed, with costs.

Present — JENKS, P. J., THOMAS, CARR, STAPLETON and PUTNAM, JJ.

Judgment unanimously affirmed, with costs.