WOODCREST CONSTRUCTION Co., INC., Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, May 16, 1945.

*Ignatius M. Wilkinson, Corporation Counsel (Robert Wilson* of counsel), for defendant.

*Emil V. Pilz* for plaintiff.

WALTER, J.   Plaintiff sues for damages allegedly resulting from breaches by the City of New York of a contract for the reconstruction of defendant's pier, the alleged breaches consisting of interferences which delayed the plaintiff in doing the work.   In a second cause of action plaintiff seeks pay for work allegedly performed, but erroneously omitted in the final certificate.

The final certificate under the contract was issued September 30, 1932.   The parties treat that as the date when the causes of action accrued, and I make the same assumption, as they certainly did not accrue at any later date.   The action was commenced November 26, 1938, which was six years, one month and twenty-six days after the causes of action accrued.   Defendant's plea that the action is barred by the six-year Statute of Limitations is thus well taken unless plaintiff is right in its contention that there are certain intervening periods which are to be eliminated from the computation of six years.

Plaintiff's notice of its claim was served upon the City Comptroller on June 27, 1936, and by section 261 of the Greater New York Charter (L. 1901, ch. 466), now § 394a–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929), plaintiff was stayed from bringing any action for a period of thirty days thereafter.   That period of thirty days, consequently, is not part of the time for the commencement of the action. (Civ. Prac. Act, § 24; *Brehm* v. *Mayor, etc., of N. Y.,* 104 N. Y. 186; *Amex Asphalt Corp.* v. *City of New York,* 288 N. Y. 721.)   The elimination of that thirty days is not enough, however, to make plaintiff's action in time, and plaintiff, hence, is required to invoke an additional stay, which it seeks to do by these facts.

By notice duly served the comptroller required the plaintiff to appear and give evidence as to the claim on September 9, 1936.   Stipulations were then entered into by plaintiff and the comptroller by which the time for the giving of such evidence

was adjourned and by which it was agreed that no action against the city should be brought until the testimony was signed. Testimony was taken pursuant to such notice and stipulations and it was signed on February 2, 1937. Plaintiff accordingly claims that the time from September 9, 1936, to February 2, 1937, likewise is not a part of the time limited for the commencement of the action.

I do not doubt that the comptroller had power to adjourn the examination and to impose the condition that despite the adjournment he should have the statutory period of thirty days after completion of the examination within which to determine whether or not he would settle or adjust the claim, but to accede to the plaintiff's contention in this case it would be necessary to go further and hold that the comptroller had the further power to extend beyond six years and thirty days the time for commencing an action against the city, and I think such a holding would be contrary to sound principle and sound reasoning, and I cannot adopt it.

I think further that even if the comptroller had power to extend the statutory time for bringing an action against the city, the stays as provided for in the stipulations in this case still could not be regarded as statutory prohibitions within the meaning of section 24 of the Civil Practice Act, and; hence, for that additional reason they cannot avail the plaintiff in this case.

I am aware that under the rule I am announcing, some comptroller might lead some unwary claimant into stipulating for a prohibition against bringing suit down to a date which would leave such claimant no time after the expiration of the stipulated prohibition within which to start an action. But the comptroller has no power to force such a situation and claimants generally must watch out for their own Statute of Limitations, and I do not think that the mere possibility just suggested is a sound reason for the adoption of a rule under which a city official might seriously impair the rights of the city by extending statutory periods of limitations for possibly an exceedingly long time.

In summary, under section 24 of the Civil Practice Act, the time of the continuance of a stay of the commencement of an action is excluded from the time limited for such commencement only where the stay is by injunction or other order of a court or judge or by statutory prohibition. The stays made by the stipulations between the plaintiff and the comptroller do not fall within that description, and, hence, they are not to be

excluded. If the Legislature had intended that the time of continuance of stays by stipulation of the parties should not be a part of the time limited for the commencement of an action, it would have said so in section 24 of the Civil Practice Act in express words, and yet it did not do so.

It follows that the action is barred by the Statute of Limitations, and upon that ground only the motion to dismiss is granted.