Arthur Gr. Klein, J.
The defendant Authority moves for summary judgment dismissing the complaint pursuant to rule *668 113 of the Rules of Civil Practice, upon the defense of the Statute of Limitations. It is conceded that the time limitation for maintenance of a suit is one year and 30 days. This 30 days arises with respect to the Authority because of the 30 days which the Authority has in which to settle.
The dispute here arises primarily because of the customary notice for examination which the Authority directed to the plaintiff and the stipulation adjourning the examination. Plaintiff claims that in the stipulation, that part of the 30-day period for settlement which had not passed at the time originally set for said examination would still remain available to the Authority upon conclusion of the examination. Six days are involved in this respect. The accident occurred September 16, 1955. One year and 30 days would expire October 16, 1956. The summons was served October 22, 1956, and if plaintiff is correct in her contention the action was timely commenced.
The plaintiff appears to have sustained a grievous injury and throughout the period up to the time of suit the parties were in negotiation for settlement. The plaintiff argues that a cause of action does not accrue as against the Authority until a notice of claim has been filed. This is on the basis that no action can be brought and maintained unless it is alleged that a notice of claim has been timely filed and the timely filing of such a notice of claim is part of the cause of action and therefore the cause cannot accrue until that part has been accomplished. A similar contention has been overruled in the case of Christian v. Village of Herkimer (5 A D 2d 62, affd., 5 N Y 2d 818). The present determination was held in abeyance awaiting the decision of the Court of Appeals in that case.
Plaintiff claims further she was lulled into a sense of repose with respect to the expiration of the time limitation by reason of the conversations and negotiations going on between the parties, and particularly because of the nature of the letter which was written to the defendant on October 1, 1956, which was 16 days before the earliest date limiting the time of action, to wit: October 16,1956. The question of estoppel is sufficiently presented to create a triable issue and this, of course, will turn upon the question whether in this type of situation estoppel is available. It should be noted that there is no statutory prohibition against the extension of time for commencement of suits with respect to an Authority. There being no prohibition, an agreement to extend time to sue would be binding as it is in any suit between private persons on contractual arrangements.
The motion is accordingly denied.