Mario Pittoni, J.
Motion to permit the plaintiff to serve an amended complaint.
The plaintiff alleges that he suffered injuries when he fell on a sidewalk. The original complaint alleges that the County of Nassau was negligent in backfilling about a sewer catch basin causing the abutting sidewalk to settle. The amended complaint, in addition to the foregoing, alleges that the County of Nassau was negligent in excavating, preparing and installing the catch basin for the sewer; in backfilling after the installation; in preparing the earth and soil beneath the catch basin so as to properly support the catch basin at the established grade in accordance with good engineering practices so that the catch basin and adjoining sidewalks settled below grade level and the level of surrounding sidewalks, causing the flags of the sidewalk adjacent to the catch basin to settle and become uneven and thereby creating a dangerous condition.
The modern tendency of the court is to allow proposed pleading amendments unless they are prejudicial to an adversary. Whether or not the proposed amendment is prejudicial to defendant, County of Nassau, depends on whether or not the Statute of Limitations bars the additional allegations. An amendment of a complaint is effective retroactively as of the date of the commencement of the action, and must be an amplification of a cause previously asserted to prevent the Statute of Limitations from barring the amendment. If independent *196 acts are alleged the Statute of Limitations bars the amendment. (Goldstein v. Tri-Continental Corp., 282 N. Y. 21.)
The alleged accident occurred on January 12, 1959. Notice of claim was filed with Nassau County on April 8, 1959. If the amendment refers to independent acts of defendant, it would be barred by both the statute existing at the time of the accident and as it exists todajL At the time of the accident section 52 of the County Law provided that ‘ ‘ no action may be maintained against a county for damages unless it be commenced within one year after the service of such notice [of claim].” The section, as amended, now provides that a claim against a county shall be commenced pursuant to section 50-i of the General Municipal Law, which provides that such action “ shall be commenced within one year and ninety days after the happening of the event upon which the claim is based.” In the interest of justice the amendment will be allowed, with leave to the defendant to plead the Statute of Limitations. The trial court will be in a better position to determine whether the amendment constitutes a new cause of action barred by the Statute of Limitations, or whether it is merely an amendment with respect to facts pertaining to the cause of action stated in the original complaint. (Reutemann v. Cosmopolitan Tourist Co., 279 App. Div. 581 [1st Dept.].)
Motion granted.