Charles Lambíase, J.
Defendant has moved “for an order dismissing the summons and complaint herein, on the ground that they were not served upon the defendant, and, hence, this action was not commenced against the defendant, within the period of time specified for the commencement of actions of this nature in the Public Housing Law of the State of New York, and for such other, further and different relief as to this Court may seem just and proper, together with the costs of this motion.”
The complaint seeks to recover damages for personal injuries sustained by the infant plaintiff, Francis An Lawrence, and also damages sustained by the infant’s father for past and future medical expenses and for loss of said infant’s services, society and companionship in connection with said injuries, said injuries allegedly having been sustained as the result of the negligence of the defendant herein. The defendant is a public corporation organized and existing under and by virtue of section 463 of the Public Housing Law of the State of New York.
Defendant concedes that plaintiffs have complied with the statutory requirements regarding notice of claim. (Public Housing Law, § 157, superseded by General Municipal Law, § 50-e; Robinson v. New York City Housing Auth., 8 A D 2d 747, affd. 7 N Y 2d 908.) However, it vigorously contends that the action, not having been commenced within one year after the cause of action accrued, is not maintainable because it is barred by a provision of the Public Housing Law (§ 157, subd. 2), which, at all times herein mentioned, required and provided that an action of this nature shall be commenced within one year after the cause of action shall have accrued.
Concededly, more than one year did elapse after the date of accrual of the causes of action herein before the commencement of the action. There is no question that the father’s cause of action, having been commenced more than one year after its accrual, must be dismissed, and we, therefore, dismiss the same. (Francies v. County of Westchester, 3 A D 2d 850.)
*198 However, in connection with the infant’s cause of action, it .is the contention that as to such cause of action section 157 aforesaid is not operative during the infancy of the infant plaintiff by reason of the exception contained in section fit) of the Civil Practice Act in effect at all times herein which suspends the running of the Statute of Limitations during infancy. Section 60 is found in article 2 of the Civil Practice Act in which is also contained section 10, which, at all times herein, in pertinent part read as follows:
“ § 10. Application of article. The provisions of this article apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following-cases :
“ 1. A case where a different limitation is specifically prescribed by law or a shorter limitation is prescribed by the written contract of the parties. ’ ’
It is the contention of the defendant that section 60 must be read together with section 10, and that together they clearly show the legislative intent to limit the tolling provision of section 60 to those periods of limitation set forth ‘1 in this article ’ ’, i.e., article 2 of the Civil Practice Act, of which both sections 10 and 60 are a part as hereinbefore stated; and that, therefore, section 60 must yield to section 157 aforesaid as to the one-year provision therein contained since said section 157 is part of a special enactment of the Legislature and not a part of the Civil Practice Act.
We are unable to agree with the defendant’s position herein as to the infant’s cause of action. “ While the statutory requirements for the presentation of claims, service of intention to sue and appearance for examination are not suspended during infancy and the infant when he does sue must allege and prove compliance therewith or establish facts excusing his noncompliance (Winter v. City of Niagara Falls, 190 N. Y. 198), the provision that the action must be commenced within one year after the cause of action accrues is not in the nature of a Statute of Limitations which runs during infancy. An injured infant having a right of action need not wait until reaching full age before beginning such action (Civ. Prac. Act, § 201), but when the infant is entitled to maintain the action the time of disability by reason of infancy is not a part of the time limited for the commencement of the action. (Civ. Prac. Act, § 60.) ” (Russo v. City of New York, 258 N. Y. 344, 348-349.)
In the Matter of Martin v. School Bd. (Long Beach) (301 N. Y. 233) the Court of Appeals construed the effect of section 50-e of the General Municipal Law, and more particularly sub *199 division 5 thereof, which section confers on the court limited and discretionary power to grant relief against failure under certain circumstances to file a notice of claim in time. The ruling, in our opinion, does not affect that part of the Russo decision which holds that infant plaintiffs in this type of action are still entitled to the protection accorded to infants generally under section 60 of the Civil Practice Act provided that they have complied with the statutory requirements regarding notice of claim.
Therefore, we conclude that the infant’s cause of action has been brought timely as the running of time against this 10-year-old infant is suspended during infancy. (Stokes v. New York City Housing Auth., 110 N. Y. S. 2d 674, 676.) This case has not gone up to be directly reviewed. We note, however, that it is cited in Francies v. County of Westchester (3 A D 2d 850, 851, supra) following this language: “ The infant’s cause of action was timely brought and is not barred, since section 60 of the Civil Practice Act suspended the running of the Statute of Limitations during her infancy.”
Motion to dismiss the infant’s cause of action, being the first cause of action set forth in the complaint, must be and hereby is in all respects denied. Motion to dismiss the father’s cause of action, being the second cause of action set forth in the complaint, must be and hereby is in all respects granted.