Harold J. Crawford, J.
Plaintiffs, an 11-year-old infant and his mother, have moved to strike from defendant’s answer the defense of Statute of Limitations.
On April 16, 1961, the infant plaintiff was allegedly involved in an accident. On July 11,1961, plaintiffs served the defendant with a notice of claim for personal injuries, loss of services and medical expenses. On July 14, 1961, the defendant served plaintiffs’ attorney with a notice requiring the plaintiffs’ appearance on July 26, 1961, for an oral and physical examination. Prior to this date, the attorney for the defendant consented to plaintiffs’ request that the examination be adjourned to September 13, 1961, subject to the condition: “ That such adjournment was without prejudice to the right of the New York City Housing Authority to settle or adjust the claim within the same *915 period of time after such examination is held as the Authority had at the date fixed originally for such examination, and that no suit may be brought until the expiration of such period of time.”
On September 13, 1961, the examination was held and concluded. More than 1 year and 30 days after the accident occurred, on June 1, 1962, plaintiffs commenced this suit. Defendant has served its answer and has asserted as a defense therein that plaintiffs’ actions are not maintainable because they are time-barred by section 157 of the Public Housing Law of this State. This section reads, in pertinent part, as follows:
“ § 157. Claims and actions against authorities.
“ 1. In every action * * * for any cause whatsoever * * * maintained against an authority, the complaint * * * shall contain an allegation that at least thirty days have elapsed since the * * * claim * * * upon which such action * * * is founded [was] presented to the authority for adjustment and that it has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.
“ 2. An action against an authority * * * for damages for personal injuries, alleged to have been sustained by reason of the negligence of * * * said authority * * * shall be commenced within one year after the cause of action therefor shall have accrued ”.
Since section 24 of the Civil Practice Act must be read in conjunction with section 157, it is manifest that a claimant to be timely must commence his action within 1 year and 30 days of its accrual (Amex Asphalt Corp. v. City of New York, 288 N. Y. 721). While this is acknowledged by both parties, nevertheless, plaintiffs assert that because they were prohibited from commencing their suit during the stipulated adjournment of the examination (July 26, 1961 to Sept. 13, 1961), the 30-day period expressed in subdivision 1 of section 157, has been enlarged to include the period of adjournment. Accordingly, plaintiffs contend, they had at least. 1 year and 79 days within which to commence this suit. However, in addition, plaintiffs contend that, in any event, insofar as the infant plaintiff’s cause of action is concerned, the defense of Statute of Limitations must be stricken because it is not operative during the period of infancy.
This court cannot agree with plaintiffs’ contention that the adjournment granted by the defendant enlarged the 30-day statutory stay. Section 24 of the Civil Practice Act, in pertinent part, states: “ Where the commencement of an action has been stayed * * * by statutory prohibition, the time of *916 the continuance of the stay is not a part of the time limited for the commencement of the action.”
Accordingly, while it is true that plaintiffs could not commence their suit until the examination had been held, the stay that existed between July 26, 1961 and September 13, 1961, was not the result of a statutory prohibition but a stipulation between the parties (Woodcrest Constr. Co. v. City of New York, 185 Misc. 13, affd. 273 App. Div. 752).
However, the court agrees with the plaintiffs’ other contention that the Statute of Limitations is not operative during the period of infancy (Russo v. City of New York, 258 N. Y. 344; Tilinsky v. City of New York, 255 App. Div. 815; Stokes v. New York City Housing Auth., 110 N. Y. S. 2d 674; Francies v. County of Westchester, 3 A D 2d 850; Lawrence v. Rochester Housing Auth., 26 Misc 2d 196).
Accordingly, in view of the foregoing, plaintiffs’ motion is granted solely to the extent that the Statute of Limitations has been interposed against the infant plaintiff’s cause of action and it is in all other respects denied.