Abbott Robinson et al., Doing Business as Lucky Rose Shop, Appellants, *v.* City of New York, Respondent.

First Department, December 21, 1965.

*Robert G. Tischler* of counsel (*Tischler & Tischler,* attorneys), for appellants.

*William A. Marks* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for respondent.

EAGER, J. This is an appeal, by permission of this court, from an order of the Appellate Term, affirming an order of the Civil Court of the City of New York which denied plaintiffs' motion to dismiss an affirmative defense alleging noncompliance with section 50-i of the General Municipal Law.

The action was brought against the City of New York in Civil Court to recover property damages occasioned by the flooding of plaintiffs' store and basement resulting from alleged negligence in connection with a water main break. The flooding occurred on January 1, 1963, and a notice of claim, pursuant to section 50-e of the General Municipal Law was duly served on the City of New York on March 28, 1963. On April 30, 1963, the city demanded an examination of the plaintiffs on June 11, 1963, pursuant to section 50-h of the General Municipal Law. But, by written stipulation of the parties, the examination was from time to time adjourned and, eventually, on December 11, 1963, one of the plaintiffs was examined. The examination, however, was not then completed and was adjourned sine die. The shorthand notes of the examination were never transcribed, and on May 11, 1964, the plaintiff was advised by the Comptroller of the city that it did not intend to complete the examination because the statutory time for commencement of an action had then expired. Three days later, on May 14, 1964, this action was instituted. The defense, sought to be stricken, alleges that the action was time-barred.

Subdivision 1 of section 50-i of the General Municipal Law provides that an action of this nature "shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." Here, as afore-noted, the flooding and damage to plaintiffs' property occurred on January 1, 1963 and, thus, the one year and 90-day period expired on March 30, 1964. Accordingly, this action, commenced on May 14, 1964, would be time-barred unless, as contended by plaintiffs, the pendency of the proceeding by the Comptroller for their examination and the express terms of the stipulation for the adjournment of such examination are effective to preclude the defendant from asserting the defense.

The written stipulation of the parties (consented to by the Comptroller in behalf of defendant city) for the adjournment of the examination from September 30, 1963 to December 11,

1963 contained provisions, as follows: "it being further understood and agreed that the adjournment of said examination is without prejudice to the Comptroller's right to settle and adjust the claim above mentioned within the same period of time after such examination is held as the Comptroller had at the date originally fixed for such examination, and that no action or proceeding will be brought against The City of New York until after the expiration of such period of time."

The agreement with the defendant's Comptroller, represented by the stipulation, is not an agreement expressly extending the Statute of Limitations, as authorized by Administrative Code of the City of New York (§ 93d–3.1). As an agreement temporarily staying suit, it does not necessarily operate to toll the statute. The period limited by a statute for the commencement of an action is not ordinarily tolled or extended by an agreement between the parties merely providing for a stay of suit for part of the statutory limitation. (See *Woodcrest Constr. Co.* v. *City of New York,* 185 Misc. 18, affd. 273 App. Div. 752, mot. for lv. to app. den. 297 N. Y. 1042; *Blake* v. *New York City Housing Auth.,* 36 Misc 2d 914. See, also, *509 Sixth Ave. Corp.* v. *New York City Tr. Auth.,* 24 A D 2d 975; Statute of Limitations, Ann. 130 A. L. R. 19, and cases cited; Ann. 24 ALR 2d 1423, and cases cited.) A stay of suit resting entirely on the agreement of the parties is not a stay by "a court or by statutory prohibition" so as to come within the provisions of CPLR 204 (subd. [a]) providing that the duration of such a stay is not a part of the time within which the action must be commenced. (*Woodcrest Constr. Co.* v. *City of New York, supra,* p. 20; *Blake* v. *New York City Housing Auth., supra;* cf. *Barchet* v. *New York City Transit Auth.,* 24 A D 2d 963.)

A voluntary agreement between parties for a temporary stay of suit is ordinarily considered to have been made in view of and without intending to avoid or circumscribe the effect of the applicable Statute of Limitations. Where the contractual stay against the commencement of an action terminates before the expiration of the limitation period fixed by statute, and the plaintiff is afforded a reasonable time after the stay within which to institute his action prior to the running of the statute, the agreement for the stay is not accepted as an excuse for a failure to bring an action within the statutory period. Under these circumstances, the plaintiff is bound to proceed with reasonable diligence to institute suit after the expiration of the stay and within the statutory limitation period. (See Ann. 130 A. L. R. 19, *supra* and 24 ALR 2d 1423, and many cases cited,

*supra.* See, also, *Augstein* v. *Levey,* 3 A D 2d 595, 598, affd. 4 N Y 2d 791; *Sullivan* v. *City of Watervliet,* 285 App. Div. 179; *509 Sixth Ave. Corp.* v. *New York City Tr. Auth., supra.*)

Dependent upon the circumstances, however, the doctrine of equitable estoppel may be applied to preserve the rights of a party who has postponed action in conformity with an agreement with a defendant for a stay of suit. A defendant's consent to or inducement of the stay or postponement of suit may estop him from urging the Statute of Limitations as a defense. The Legislature has expressly recognized "the power of the court to find that by reason of conduct of the party to be charged it is inequitable to permit him to interpose the defense of the statute of limitation". (See General Obligations Law, § 17–103 [formerly Personal Property Law, § 34].) So, generally stated, where the agreement, representations or conduct of a defendant have caused a plaintiff to delay suit on a known cause of action until the Statute of Limitations has run, the courts will apply the doctrine of estoppel to prevent an inequitable use by the defendant of the statute as a defense. (See 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 201.13; 53 C. J. S., Limitations of Actions, § 25; *Glus* v. *Brooklyn Eastern Term.,* 359 U. S. 231, 232–233; *Erbe* v. *Lincoln Rochester Trust Co.,* 13 A D 2d 211; *Safrin* v. *Friedman,* 27 Misc 2d 687, affd. 277 App. Div. 1138; also, 1961 Report of N. Y. Law Rev. Comm., p. 97; Ann. 130 A. L. R. 8; 24 ALR 2d 1414, and cases cited.)

The estoppel to plead the statute may arise without the existence of fraud or an intent to deceive. If the agreement, representations or conduct of the defendant were calculated to mislead the plaintiff, and the plaintiff in reliance thereon failed to sue in time, this is enough. Under these circumstances, the doctrine of equitable estoppel will be applied to prevent defendant from gaining an unconscionable advantage if he were permitted to plead the statute; and it is immaterial that defendant intended no wrong. (See 21 N. Y. Jur., Estoppel, § 24; 31 C. J. S., Estoppel, § 69, and cases cited; Ann. 130 A. L. R. 49, *supra*; 24 ALR 2d 1435, and cases cited.)

Principles of fair dealing apply to a municipal corporation as well as to an individual. "It is the principle of estoppel that brings flexibility and justice to the law of municipal corporations". (2 Antieau, Municipal Corporation Law, § 16A.00, p. 520.3.) "That the principles of right and justice, upon which the doctrine of estoppel *in pais* rest, are applicable to municipal corporations, is recognized by textwriters and in well-considered cases." (*Beadles* v. *Smyser,* 209 U. S. 393, 402. Also, 21 N. Y. Jur., Estoppel, §§ 78, 79; *Vermeule* v. *City of Corning,* 186 App.

Div. 206; *Vandeweghe* v. *City of New York,* 150 Misc. 815, 817; and cases cited.) Estoppel is available to bar a city or other municipality from pleading a Statute of Limitations. (See *Planet Constr. Corp.* v. *Board of Educ. of City of N. Y.,* 7 N Y 2d 381, 385; *Teresta* v. *City of New York,* 304 N. Y. 440. See; also, *Debes* v. *Monroe County Water Auth.,* 16 A D 2d 381; *Trustees of Vil. of Bath* v. *McBride,* 163 App. Div. 714, 719; *Feczko* v. *New York City Tr. Auth.,* 15 Misc 2d 667.)

The written stipulation with the Comptroller, containing the provisions postponing suit by plaintiffs, was prepared at the instance of and in wording selected by the Comptroller. By virtue of the adjournment of plaintiffs' examination, and in accordance with the terms of the stipulation, the Comptroller acquired the right to have the institution of all litigation postponed beyond the 30-day period prescribed by General Municipal Law (§ 50-i, subd. 1). The continuance of the examination would have a tendency to encourage settlement negotiations and the stipulation afforded the Comptroller the opportunity of continuing such negotiations with plaintiffs free from the embarrassment and the incidental expense of a pending action. Thus, the Comptroller was in a position to benefit from the plaintiffs' agreement to postpone suit.

In order for the plaintiffs to have brought suit within the prescribed statutory period of " one year and ninety days after the happening of the event upon which the claim is based " (General Municipal Law, § 50-i), it would have been necessary for the plaintiffs to have breached their agreement with the Comptroller. But the plaintiffs would be bound to keep their agreement and not to break it; and a suit brought prior to the termination of their examination would be subject to dismissal as prematurely brought. (*Rapp* v. *City of New York,* 176 App. Div. 155.) So, implicit in the condition prohibiting suit by plaintiffs pending the completion of their examination, and in their compliance with the condition, was an undertaking by the Comptroller in behalf of the city that the plaintiffs would have a reasonable opportunity to commence an action after the time reserved by the Comptroller to settle and adjust their claim. Otherwise, the contractual prohibition against the bringing of suit, meant to be only temporary in nature, could result in a permanent bar; and, certainly, this was not intended.

In equity and in good conscience, the city may not now take advantage of the delay in suit resulting from the conditions agreed upon for the postponement of plaintiffs' examination. This action having been brought promptly upon the termination by the Comptroller of the agreed upon stay, it is just and

right, and supported in law, that the defendant should be and is estopped from setting up the statute as a bar to the action.

The conclusions here reached are not in conflict with the decision of *Woodcrest Constr. Co.* v. *City of New York* (*supra*), which was cited by the court below as supporting its order and which is principally relied upon by the defendant. In *Woodcrest Constr. Co.*, the court did not consider the question of whether or not the city could be estopped from urging the defense of the Statute of Limitations under circumstances such as are present here.. Furthermore, subsequent to such decision and in 1949, the Administrative Code of the City of New York was amended to give the Comptroller the power '' by stipulation in writing, agree with a claimant against the city * * * to extend the time of such claimant to commence suit upon a claim, the settlement of which is then pending before the comptroller ''. (See Administrative Code, § 93d–3.1.) Here, there was a stipulation in writing providing for the postponement of action by plaintiffs, and the determination here goes no further than to give due effect to the full intendment of such stipulation and the situation created by the parties' adherence to the terms of the stipulation.

The determination of the Appellate Term and the order of the Civil Court should be reversed and vacated, on the law, with $50 costs and disbursements to the plaintiffs-appellants, and their motion to dismiss the affirmative defense, alleging non-compliance with section 50-i of General Municipal Law, should be granted, with $10 costs.

STEVENS, J. (dissenting). I dissent and vote to affirm. Under the statute (General Municipal Law, § 50-i, subd. 1) the action against the defendant was time-barred. The majority view recognizes this, but invokes the doctrine of equitable estoppel. I fail to see how it properly may be applied here. Section 50-e of the General Municipal Law requires in a case founded upon tort, where a notice of claim is required by law as a condition precedent to the commencement of an action, that such notice be given within 90 days after the claim arises. If the city desires an examination relative to the extent of the injuries or damages for which the claim is made, it must make such demand within 90 days from the date of filing of the notice of claim (General Municipal Law, § 50-h, subd. 2). Insofar as the claimant is concerned, once the notice of claim is served, he is free 30 days thereafter (General Municipal Law, § 50-i, subd. 1) to commence an action (General Municipal Law, § 50-e, subd. 4), subject only to compliance with the examination if demand therefor be timely made (General Municipal Law, § 50-h, subds.

2, 5), and to the further limitation that the action must be commenced within 1 year and 90 days after the happening of the event upon which the claim is based (General Municipal Law, § 50-i, subd. 1) (*Christian* v. *Village of Herkimer,* 5 A D 2d 62, affd. 5 N Y 2d 818). By the express language of section 50-i, its provisions are applicable " notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter " (*ibid.,* subd. 2). Neither the language of section 50-i, nor that of section 50-h operates to extend the time limited by subdivision 1 of section 50-i, for the commencement of an action (*ibid.,* subd. 3). Thus, by express language, the Legislature has made it clear that section 93d–3.1 of the Administrative Code cannot affect the maximum limitation provided for in the General Municipal Law. Moreover, it is expressly provided that a city " shall have no power to waive the defense of the statute of limitations " (General City Law, § 20, subd. 5). CPLR 204 (subd. [a]) is not applicable for the action here was not stayed by statute or by a court. Nor was plaintiff under a disability (CPLR 208).

In *Vermeule* v. *City of Corning* (186 App. Div. 206) and *Vandeweghe* v. *City of New York* (150 Misc. 815) cited in the majority opinion, the actions rested upon contract express or implied. Additionally, in *Vandeweghe* the city had accepted and used the pavement for the public benefit over a long period of time. The statute involved was not applied retroactively.

There is no absolute binding statutory prohibition against waiver of the defense of limitations and against extension of time for tort suits against an authority as there is for suits against a city. Thus, *Feczko* v. *New York City Tr. Auth.* (15 Misc 2d 667) is not applicable (see, also, *Planet Constr. Corp.* v. *Board of Educ. of City of N. Y.,* 7 N Y 2d 381; cf. *Heller* v. *New York City Housing Auth.,* 26 Misc 2d 653). In *Trustees of Vil. of Bath* v. *McBride* (163 App. Div. 714) also cited, the Village Board was estopped from attacking the legality of deposits in a private banking institution where such deposits had been so made over a long period of time with the knowledge, acquiescence and acceptance of benefits of and by the Village Trustees, though such Trustees had never formally, as a body, designated the bank as the depository as apparently required by the statute.

The statute is definite as to the procedure to be followed where the claim is founded on tort (General Municipal Law, § 50-e, subd. 1; §§ 50-f, 50-g, 50-h, 50-i). Discretion is to be exercised within prescribed limits. Of course in *Teresta* v. *City of New York* (304 N. Y. 440) a tort action, the notice of claim

was timely served but the manner of service was by ordinary mail, rather than personally or by registered mail as then required by statute. The defendant city acknowledged and acted upon the notice. The Court of Appeals analyzed the purpose of the requirement. In reversing and denying dismissal of the complaint the court did state: "present here, in addition to an unequivocal waiver, are elements of estoppel as well" (p. 443). However, its decision did not rest on estoppel. The 1 year and 90-day limitation in the statute dealing with torts bars stale claims, and provides a cut-off point for the institution of actions invoking the judicial process. The legislative purpose "in enacting section 50-i was to centralize and make 'uniform provisions relating to the commencement of actions against municipal corporations.' (Governor's Memorandum, 1959 Legislative Annual, p. 458.)" (*La Fave* v. *Town of Franklin*, 20 A D 2d 738.) Of course the determination of the question in *La Fave* hinged upon the applicability or nonapplicability of section 60 of the Civil Practice Act (now CPLR 208), and cannot serve as authority for extension of the statutory period of limitation when no disability exists. In substance, when the period of limitation to commence an action against a municipality, founded on tort, has expired and no statutory exceptions exist, the defect is fatal and estoppel may not be applied (cf. *Brickman* v. *Town of Oyster Bay*, 22 Misc 2d 195). Moreover, when the stipulation of adjournment of examination was entered the time for adjustment of the claim by the Comptroller had expired. But whether or not that were so it could not extend the statutory period for institution of the action (*Woodcrest Constr. Co.* v. *City of New York*, 185 Misc. 18, affd. 273 App. Div. 752, mot. for lv. to app. den. 297 N. Y. 1042).

To apply the doctrine of estoppel here is to negate the statutory provisions for time limitations on tort actions against a municipality. The law is clear and, presumably, was known to plaintiff. Even if the doctrine of estoppel could be applied, it would be a question of fact whether, in the circumstances of this case, it should be applied. The determination of that question would necessarily have to await upon the trial. The order appealed from should be affirmed and the affirmative defense be permitted to stand.

BREITEL, J. P., RABIN and McNALLY, JJ., concur with EAGER, J.; STEVENS, J., dissents in opinion.

Determination of the Appellate Term reversed and vacated on the law, with $50 costs to appellants, and the motion to dismiss the affirmative defense granted, with $10 costs.