Arnold L. Fein, J.
In this action to recover for property damage the parties waived trial by jury and submitted the case on an agreed statement of facts, by stipulation. The accident occurred on April 27, 1965. A timely notice of claim pursuant to statute was served on May 19,1965. The summons and complaint were served on June 6, 1966. Defendant’s answer was served on June 14, 1966, affirmatively pleading, as a defense, plaintiff’s failure to commence the action within the time limited by section 1212 of the Public Authorities Law.
The accident having occurred on April 27, 1965, the cause of action then accrued within the meaning of the applicable statutory provisions, the combined effect of which requires tort suits against the Authority to be brought within one year and 30 days ‘1 after the cause of action therefor shall have accrued ’ ’. (Public Authorities Law, § 1212, subds. 1, 2 and 4; General Municipal Law, § 50-e; CPLR 204, subd. [a].)
Defendant is a public benefit corporation created by section 1203-a et seq. of the Public Authorities Law. Subdivision 2 of section 1212 of the Public Authorities Law provides that an action against the authority ‘1 founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been *223 served on the authority within the time limited, and in compliance with all the requirements of section fifty-e of the general municipal law. ”
Section 50-e of the General Municipal Law provides that notice of claim shall he given within 90 days after the claim arises.
Subdivision 1 of section 1212 of the Public Authorities Law provides that in every action against the authority for damages for injury to personal property ‘1 the complaint shall contain an allegation that at least 30 days have elapsed since the demand, claim or claims upon which such action is founded were presented to * * # the authority * * * and that the authority has neglected or refused to make an adjustment or payment thereof for 30 days after such presentment. ’ ’
CPLR 204 (subd. [a]) provides that where “ the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced.”
The effect of these statutes is to impose a time limit of one year and 30 days after the cause of action has accrued for the bringing of the action (Amex Asphalt Corp. v. City of New York, 263 App. Div. 968, affd. 288 N. Y. 721; Barchet v. New York City Tr. Auth., 24 A D 2d 963; Hernandez v. New York City Tr. Auth., 41 Misc 2d 123, affd. 20 A D 2d 968; Christian v. Village of Herkimer, 5 A D 2d 62, affd. 5 N Y 2d 818; Dickinson v. Mayor, 92 N. Y. 584; Trela v. Village of Green Is., 14 A D 2d 970; Feczko v. New York City Tr. Auth., 15 Misc 2d 667; Javet v. City of New York, 187 Misc. 841; Matter of Forastad v. New York City Tr. Auth., 13 A D 2d 836). The date of accrual was the date of the accident, not 30 days from the date the notice of claim was served, even though the action could not be brought until the expiration of such 30 days (Christian v. Village of Herkimer, supra). The limitation period applicable is one year and 30 days from the date of accrual, and not the period of one year and 90 days prescribed by section 50-i of the General Municipal Law (509 Sixth Ave. Corp. v. New York City Tr. Auth., 24 A D 2d 975; Hlanko v. New York City Housing Auth., 23 A D 2d 840; Heeren v. New York City Tr. Auth., 231 N. Y. S. 2d 993). The limitation period expired May 27, 1966.
Accordingly, the defense of the Statute of Limitations under the Public Authorities Law, interposed by the defendant, is sufficient. The action being time-barred, the complaint must be and hereby is dismissed.