OPINION OF THE COURT
Frederic E. Hammer, J.
Plaintiff moves for an order to compel defendant, the City of New York, to accept service of a summons and complaint nunc pro tunc, or, in the alternative, to estop the City of New York from asserting the Statute of Limitations as a defense.
Plaintiff alleges that on March 1, 1978 she was injured *923 when she tripped and fell on a sidewalk in the County of Queens, City of New York. On May 4, 1978 the City of New York was duly served with a notice of claim in compliance with section 50-e of the General Municipal Law. Plaintiff was represented by counsel at the time of filing the notice of claim. The summons and complaint were served on defendant city on or about July 13, 1979, one year and 132 days after the claim arose. The summons and complaint were apparently not accepted by the City of New York, although the moving papers are devoid of any explanation regarding acceptance or rejection of the summons and complaint.
Plaintiff’s motion claims support from the fact that the City of New York did not contact plaintiff or her attorneys after being served with the notice of claim to request a hearing. Plaintiff states she was awaiting such hearing prior to commencing the action, and that such hearings were common practice with the defendant municipality.
Defendant readily admits that there was no contact with plaintiff after the notice of claim, because since 1977 the City of New York has not required a hearing for every claim and they did not request it in this case. Plaintiff’s first contact with defendant after filing the notice of claim was on July 10, 1979 when a telephone call to defendant provided plaintiff with the information that defendant was waiving a Comptroller’s hearing in this matter.
Subdivision 1 of section 50-i of the General Municipal Law reads as follows: "No action or special proceeding shall be prosecuted or maintained against a city * * * unless, (a) a notice of claim shall have been made and served upon the city * * * (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based.”
And subdivision 3 states: "Nothing contained herein or in section fifty-h of this chapter shall operate to extend the period limited by subdivision one • of this section for the commencement of an action or special proceeding.” (Emphasis added.)
Plaintiff contends that defendant’s departure from its past custom and practice of demanding a hearing in cases of *924 this nature amounted to a misrepresentation which was relied upon by plaintiff in not bringing her action until the Statute of Limitations had run, and lulled her into a sense of security. This contention cannot be accepted. The cases cited by plaintiff in support of this contention all relate to actual fraud or misrepresentation on the part of a defendant, either orally or in writing.
Plaintiff further cites Robinson v City of New York (24 AD2d 260) as grounds to estop defendant from pleading the Statute of Limitations, where a lulling action by defendant occurs and is relied upon by plaintiff. However, in Robinson the court granted estoppel because defendant City of New York stipulated in writing that plaintiff would be examined prior to commencement of an action and further stipulated that plaintiff would not bring an action until after the expiration of the adjourned date of the examination.
Here, we have no stipulation, either orally or in writing, and we have no communication whatsoever by defendant to the plaintiff.
In a most recent case (Cohen v Pearl Riv. Union Free School Dist, 70 AD2d 94, 99) the Appellate Division, Second Department, settled the issue regarding late notice of claim. While this action does not involve a late notice of claim, the court in differentiating between time limitations on notices of claim and Statutes of Limitation, commented as follows: "Statutes of Limitation on the other hand are not designed to afford a defendant, public corporate body or otherwise, an opportunity to investigate the alleged claim, but rather to penalize claimants for sleeping on their rights (Matter of Feinberg, 18 NY2d 499). They are statutes of repose, calculated to put an end to stale claims (Cameron Estates v Deering, 308 NY 24; Gregoire v Putnam’s Sons, 298 NY 119). A Statute of Limitations is not open to discretionary change by the courts no matter how compelling the circumstances (Arnold v Mayal Realty Co., 299 NY 57).”
Plaintiff further contends that, pursuant to the General Municipal Law, the time for a claimant to initiate an action is barred for 60 days after completion of a Comptroller’s hearing, and therefore the Statute of Limitations should be tolled for at least 60 days after the one-year and 90-day period. This contention is also rejected.
In a similar case (Stazio v County of Albany, 60 AD2d 934), the Appellate Division rejected the same argument to extend *925 the Statute of Limitations: "Subdivisions 2 and 3 of section 50-i of the General Municipal Law specifically provide that the one-year and 90-day limitation is to be applicable notwithstanding any other provisions of law, general, special or local and that nothing contained in section 50-h shall operate to extend said period of limitation.” (See, also, Serravillo v New York City Tr. Auth., 51 AD2d 1027.)
Accordingly, the motion is denied.