■ RONALD L. GOYEA, JR., et al., Appellants, v TOWN OF BANGOR, Respondent.—Kane, J. Appeal from an order and judgment of the County Court of Franklin County (Plumadore, J.), entered January 8, 1988, which granted defendant's motion to dismiss the complaint on the ground that it was not timely commenced.

As the result of an accident that allegedly occurred on December 8, 1984, this tort action was commenced by plaintiffs against defendant on or about August 29, 1986. This was concededly in violation of General Municipal Law § 50-i (1) (c), which requires an action against a municipality to be commenced "within one year and ninety days after the happening of the event upon which the claim is based". As a result, defendant moved to dismiss the complaint, claiming, *inter alia,* that the suit was time barred. County Court granted the motion and plaintiffs have appealed.

We affirm. Plaintiffs claim that they were induced to forego further legal proceedings (they had previously served a notice of claim in compliance with General Municipal Law § 50-e) while awaiting a settlement promised by defendant's insurance company. Since they relied on the insurance company's representations, they argue that defendant should be estopped from pleading the Statute of Limitations. However, the evidence does not support the assertion that defendant consented to or induced a stay or postponement of suit so as to warrant an estoppel in this case. There was no written or oral stipulation between the parties agreeing to postpone commencement of the action *(see, Hayes v City of New York,* 100 Misc 2d 922, 924; *cf., Robinson v City of New York,* 24 AD2d 260). Plaintiffs claimed only that they were promised a settlement by way of telephone calls from their counsel to the insurance company. Furthermore, in a letter dated January 2, 1985, the insurance company specifically denied plaintiffs' claim. In our view, plaintiffs failed to establish such conduct on defendant's part that would estop it from invoking the Statute of Limitations as a defense *(see, Wenning v Metropolitan Transp. Auth.,* 112 AD2d 220; *Brands v Sperduti,* 43 AD2d 903).

Order and judgment affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.