(161 App. Div. 288)

## EMMET v. SANITARY WATER STILL CO.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

INDEMNITY (§ 9*)—CONTRACTS—CONSTRUCTION.

Defendant agreed to save a surety company harmless from any and all liability the company should sustain by reason of bonds given in defendant's behalf, and to defend at its own expense any action brought on any such bond or undertaking, and, upon demand, to pay all damages, charges, and expenses for which the surety company should become liable. The surety company executed a bond in favor of the federal government to secure the defendant's performance of a government contract. Under a claim that defendant had failed to perform its contract, the government deducted a sum of money from the amount due the surety company on other transactions. *Held*, that the action of the government constituted a liability or a loss within the meaning of the agreement, regardless of whether the appropriation was justifiable.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 16, 17; Dec. Dig. § 9.*]

Laughlin and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by William T. Emmet, Superintendent of Insurance, as receiver, against the Sanitary Water Still Company. From an order denying motion for judgment on the pleadings, plaintiff appeals. Order reversed, with leave to defendant to withdraw demurrer and to answer.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Albert Reese, of New York City, for appellant

E. Ormonde Power, for respondent.

HOTCHKISS, J. By the instrument on which this action is brought, the defendant agreed "to save harmless and indemnify" the surety company, of which plaintiff is the receiver, from "any and all * * * liabilities, losses, * * * of whatsoever kind, name, na-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ture, or description," which the surety company "shall or may for any cause at any time sustain or incur by reason of" any bond or undertaking given by the surety company in defendant's behalf; also that the defendant would at its own expense defend the surety company from any action brought on any such bond or undertaking, and would pay "upon demand any and all damages, charges, and expenses" for which the surety company "should become responsible."

Under a claim that the defendant had failed to perform its contract with the United States government in the manner agreed, to the damage of the government in the sum of $1,600, being the amount for which the surety company had executed its bond to the government for the faithful performance by defendant of the contract in question, the government authorities refused to pay and deducted said sum from moneys due by it to the surety company on account of other transactions. This act of the government in thus appropriating the money of the surety company under a claim of right constituted a liability, if not a loss, within the meaning of the agreement. Not only was it a liability, but it was one which had been actually enforced. Whether such appropriation was or was not justifiable is of no importance. If the government had paid over the money without prejudice, and had then brought an action against the surety company on its bond, that company would certainly have been compelled to defend the action at its own cost, and to pay the amount of any recovery. The situation cannot be different where the government has assumed to be its own paymaster and without bringing suit has exercised the right possessed by any creditor to determine for himself and at his own risk whether or not one is indebted to him, and whether in payment of such indebtedness he shall appropriate moneys of the debtor in his hands and leave the debtor to sue.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to defendant to withdraw the demurrer and to answer on payment of said costs.

INGRAHAM, P. J., and SCOTT, J., concur.

LAUGHLIN, J. (dissenting). The surety company, of which the plaintiff is the receiver, agreed to become surety for defendant on proposals and contracts, and became surety for its performance of a contract with the government of the United States. In addition to paying the premium for the insurance, the defendant agreed in writing "to save harmless and indemnify" the surety company from "any and all * * * liabilities, losses, * * * of whatsoever kind, name, nature, or description," which it should "for any cause at any time sustain or incur by reason of" any bond or undertaking given by it in behalf of defendant, and that the defendant would at its own expense defend the surety company against any action brought on any such bond or undertaking, and pay "upon demand any and all damages, charges and expenses" for which the surety company "should become responsible." The government claimed that the defendant failed to perform the contract for the performance of which the insol-

vent company represented by the plaintiff became surety. It appears that at that time the government was, or thereafter became, indebted to the surety company on account of transactions in no manner connected with its contract with the defendant, and the government appropriated from the moneys due from it to the surety company the sum of $1,600, under the claim that it was entitled to do so on account of the defendant's failure to perform its contract for which the surety company was surety.

The receiver of the surety company brings this action, alleging merely these facts, and the question presented by the motion for judgment on the pleadings was whether the amended complaint, to which a demurrer on the ground of insufficiency of facts was interposed, states a cause of action. I am of opinion that it does not. The liability of the defendant cannot be affected by the fact that the government happened to owe the surety company and asserted a right to withhold part of the moneys thus owing on account of its claim that the defendant failed to perform the contract. There is no allegation in the complaint to the effect that the defendant failed to perform its contract with the government; nor is there any allegation from which such failure may legitimately be inferred. The contract between the surety company and the defendant was not made in the light of a situation by which the government might have it in its power to withhold funds due from it to the surety company. It was merely contemplated that the surety company might be called upon to respond in damages for a breach of contract on the part of its principal, and that it should be reimbursed by the defendant for any liability established against it in an action, suit, or other proceeding, including "counsel fees and expenses of whatsoever kind, name, nature, or description," and for any valid claim of liability asserted against it as surety for the defendant which it settled without litigation.

The decision about to be made by this court proceeds upon the theory that the surety company was at liberty to settle any claim asserted against it, whether valid or not, and to recover of the defendant the amount thus paid. To that doctrine I cannot subscribe. The amended complaint, in my opinion, is fatally defective, in that it fails to allege any facts tending to show that the United States government had a just or valid claim against the surety company as surety for the defendant.

I therefore vote for affirmance.

CLARKE, J., concurs.

_(160 App. Div. 864)

FULLER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.  March 4, 1914.)

1. WITNESSES (§ 143*)—TESTIMONY OF PARTIES INTERESTED AGAINST EXECUTRIX OF DECEASED.

Under Code Civ. Proc. § 829, prohibiting any person interested from testifying against the executor, etc., of deceased, concerning any transaction or communication with deceased, the court, in an action by an executrix to recover stock certificates, where defendant claimed under a gift to its

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes