THE PATCHOGUE CITIZENS BANK AND TRUST COMPANY, Respondent, v. GEORGE A. WILSON, Appellant, and Others, Defendants.— Defendant Wilson appeals from an order of the County Court of Suffolk county granting plaintiff's motion for summary judgment and denying said defendant's motion to dismiss the complaint, and from the judgment entered thereupon. Order and judgment of the County

Court of Suffolk county reversed upon the law and the facts, with ten dollars costs and disbursements, plaintiff's motion for summary judgment denied, and the appellant's motion to dismiss the complaint as to him granted, with ten dollars costs. Written admission of service of the summons and complaint more than six years after the due date of the promissory note by the defendant Wilson was not a waiver of the right to plead the Statute of Limitations as a defense. Waiver is a matter of intention (*Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34, 37), and nothing is shown by the present record to indicate that defendant, appellant, had such intention. Merely acknowledging receipt of the summons and complaint is not a waiver of the right to plead the Statute of Limitations as a defense. Defendant Wilson being the maker, and Ratchick the indorser, of the promissory note in suit, they were not such joint contractors or otherwise united in interest that service of the summons and complaint upon Ratchick's executors within six years after the due date of the note prevented the running of the Statute of Limitations as to Wilson. As maker and indorser each stood as a separate contractor. (*Chemical Nat. Bank* v. *Kellogg*, 183 N. Y. 92.) The right to join them as codefendants is permissive (Civ. Prac. Act, § 216). Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur.