MARYLAND CASUALTY COMPANY, Appellant-Respondent, *v.* JOSEPH P. STRAUBINGER et al., Respondents-Appellants.

Fourth Department, May 24, 1963.

*Vaughan, Brown, Kelly, Turner & Symons* (*Mark N. Turner* of counsel), for appellant-respondent.

*Offerman, Fallon & Mahoney* for Joseph P. Straubinger, respondent-appellant.

*Jaeckle, Fleischmann, Kelly, Swart & Augspurger* (*Edward J. Murty, Jr.,* of counsel), for George A. Straubinger, respondent-appellant.

*Per Curiam.* These are cross appeals from an order of Special Term tentatively granting a partial judgment on the plaintiff's motion for summary judgment and denying the motion in all other respects. The action was brought by the plaintiff bonding company to recover upon an indemnity agreement alleged to have been given to it in consideration of its issuance of a performance bond and a labor and material bond on a building project undertaken by the defendant Joseph P. Straubinger

and the J. P. Straubinger Equipment Corp., of which Joseph was the principal officer and stockholder. The plaintiff seeks a recovery for bills for labor and materials for which it claims to be liable under the labor and material bond.

The defendant George A. Straubinger, the brother of Joseph, had no interest in the corporation but joined in the application for a performance bond including the indemnity agreement therein contained. However, he contends that the application (and hence the indemnity agreement) was limited to a performance bond. He relies upon the fact that the space for the amount of the labor and material bond on the application form appears to be blank. On the other hand, the plaintiff points out that there are ditto marks under the amount of the performance bond, although they are placed so close to the performance bond line that the space for the labor and material bond appears at first glance to be blank. In these circumstances there is a serious question of fact as to whether the defendant George Straubinger knowingly and intentionally executed an indemnity agreement with relation to a labor and material bond. This is sufficient to defeat completely the plaintiff's motion for summary judgment as to him.

It appears that the sum of $2,484.51 has heretofore been paid out by the plaintiff to satisfy judgments recovered against it by three creditors of the Straubinger Corporation. Special Term granted summary judgment in that amount against the defendant Joseph Straubinger but added the further direction that the entry of the summary judgment be "held in abeyance pending the determination of all the plaintiff's remaining claims". There appears to be no justification for this additional direction. Joseph Straubinger admits the execution of an indemnity agreement bond with respect to both the performance bond and the labor and material bond. The order appealed from should be modified by striking out the quoted provision so that partial summary judgment may be entered at once against Joseph Straubinger.

The plaintiff sought summary judgment for all claims for labor and materials shown upon the books of the corporation, in the total amount of $57,280.80. The plaintiff relies upon paragraph Second of the indemnity agreement which the plaintiff correctly construes as an agreement to indemnify against liability and not merely against loss. It is true that under this type of agreement the duty to indemnify arises as soon as the liability is incurred even though no loss has as yet been sustained by actual payment. But the plaintiff has not established that any liability for the unpaid claims has as yet been incurred by

it. In its complaint the plaintiff does not admit or accept liability. It merely alleges that it "may be liable". The fact that the list of outstanding claims has been taken from the books of the corporation does not establish the liability of the plaintiff therefor. The plaintiff is still free to contest any of the claims, either upon the basis of its own investigation or upon the request of the defendant indemnitors. In order to recover in an action against indemnitors under an indemnity agreement, the surety must establish that it has incurred liability in the amount for which recovery is sought. This may be established either (1) by proof that a judgment has been obtained against the surety or (2) by admission of liability by the surety and independent proof in the action against the indemnitors of the validity of the claims and the absence of any defense thereto. The plaintiff has not established its liability by either method in this case (*MacArthur Bros. Co.* v. *Kerr,* 213 N. Y. 360; *National Sur. Corp.* v. *Titan Constr. Corp.,* 26 N. Y. S. 2d 227, affd. 260 App. Div. 911; 11 Appleman, Insurance Law and Practice, § 6668; see, also, *Emmet* v. *Sanitary Water Still Co.,* 212 N. Y. 604, revg. 161 App. Div. 288, upon the dissenting opinion in the Appellate Division).

In the alternative, the plaintiff seeks recovery under paragraph Eighth of the indemnity agreement under which the indemnitors agreed, in the event that the company was required by the State Insurance Department to set up a reserve to cover any contingent claims under the bond, "to immediately on demand deposit with the Company * * * an amount sufficient to cover such contingent claim or claims, as a trust fund or collateral security, to be held by the Company as indemnity on the bond(s) herein applied for * * * and if the Company is required to enforce performance of this covenant by action at law or in equity, the costs, charges and expenses * * * shall be included in such action and paid by the undersigned."

The plaintiff alleges that it has established a reserve on its books in the amount of $34,097.77 for the unpaid claims under the labor and material bond.

The provision of paragraph Eighth of the indemnity agreement does not sustain the plaintiff's demand for a money judgment in the amount of the reserve which it has set up. As the provision itself indicates, the remedy of the company is to bring an action "to enforce performance of this covenant". This would necessarily be an action in equity, not for the payment of the money to the plaintiff as its property, but for the deposit of the sum required "as a trust fund or collateral security" to be held by the company in trust (*National Sur.*

*Corp.* v. *Titan Constr. Corp., supra*). Furthermore, there was no sufficient showing by the plaintiff by competent proof that a reserve in the amount set up by it had been required to be set up by the State Insurance Department and that the reserve was no more than was required to protect the plaintiff against the contingent liability.

The order appealed from should therefore be modified as indicated above and as modified should be affirmed.

BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ., concur.

Order unanimously modified in accordance with the opinion and as modified affirmed, without costs of this appeal to any party.