Memorandum. Standing undenied is the lamentable fact that thousands of fish have been killed in the wire mesh protecting the water intake systems used for cooling defendant’s condensers at its nuclear power plant known as Indian River Unit No. 2, located in the Hudson River near Buchanan, New York. This situation and others like it, where industrial processes are a source of danger to wildlife are governed by statutory proscription and the solution of these problems must be found within the enactments of the Legislature. In the instant case, the sole statutory provision accessible and utilized to impose liability upon the defendant is unavailing to accomplish the avowed purpose of imposing sanctions on the defendant for its acts resulting in killing the fish. This provision, subdivision 1 of section 11-1321 of the Environmental Conservation Law, clearly states that “ [n]o person shall take fish (a) by use of explosives or (b) by shutting or drawing off water".
 
 *
 
 The
 
 *648
 
 key verb “ take ” makes it abundantly clear that the provision was aimed at prohibiting poaching. The reference to explosives, a common poacher’s technique, and the permissible penalty for Conservation Law violations in illegally acquiring wildlife ($500 for the first fish and $10 for each additional fish) also lead to this construction. While defendant does not deny its actions resulting in the destruction of fish, it is not taking or acquiring them within the meaning of this section; and, hence, it may not be prosecuted under the statute in its present form.
 

 Both plaintiff and defendant moved for summary judgment at Special Term. Plaintiff’s motion was granted which would, impliedly at least, have been a denial of defendant’s motion. The Appellate Division reversed and by its order denied plaintiff’s summary judgment motion. In its memorandum accompanying the order the court directed a hearing on remand to determine defendant’s intent or whether its attempts to solve the problem mitigated the charges against it. In its order granting leave to appeal to this Court the Appellate Division certified the question whether its order was properly made. The defendant failed to take an appeal to this court and, in the absence thereof, we are unable to direct judgment in its favor. The certified question is answered in the negative and the order appealed from is modified so that upon remittal to Special Term defendant may reassert its motion for summary judgment if it be so advised.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur.
 

 Order modified, without costs, and case remitted to Special Term for further proceedings in accordance with memorandum herein, and, as so modified, affirmed. Question certified answered in the negative.
 

 *
 

 Subdivision 1 of section 275 of the Conservation Law, to this same effect, was repealed and replaced by subdivision 1 of section 11-1321 of the Environmental Conservation Law, effective September 1, 1972.