■ HELICOPTER ASSOCIATES, LTD., et al., Plaintiffs, v DECAIR HELICOPTER, INC., et al., Appellants. PAN AMERICAN WORLD AIRWAYS, INC., Respondent and Third-Party Plaintiff. ISLAND HELICOPTERS, INC., Third-Party Defendant.—Order, Supreme Court, New York County, entered March 28, 1975, granting summary judgment to defendant Pan American World Airways, Inc. (Pan Am) and dismissing the cross claims of defendants Decair Helicopters, Inc. (Decair) and Budd, unanimously reversed, on the law, and said motion denied, without costs or disbursements. This is a negligence action arising out of the forced landing of a helicopter owned by plaintiff Helicopter Associates, Ltd., leased by Decair and piloted by Budd. The corporate plaintiff seeks damages for the loss of the helicopter and the individual plaintiff, a passenger therein, is suing for personal injuries sustained. Pan Am is a named defendant because of its alleged failure to refuel the helicopter at Budd's request. Decair and Budd cross-claimed against Pan Am for indemnification and/or contribution. Pan Am also cross-claimed against Decair and Budd, both under principles of substantive tort law and upon an alleged contractual obligation called a "Space Permit". The order below granted Pan Am's motion for summary judgment against Decair and Budd in reliance on the provisions of the Space Permit. The asserted contractual right to indemnification is predicated on paragraph "15" of the Space Permit which provides, in pertinent part, that Decair "shall indemnify and hold harmless Pan Am * * * from all claims and demands, of any nature whatsoever, for personal injuries * * * or property damage *arising out of the use and occupancy of the Space hereunder or the exercise of the privileges granted hereunder".* (Emphasis added.) To the extent pertinent, the Space Permit granted Decair the right to use and occupy certain hangar and counter space at Pan Am's 60th Street heliport, a facility owned by the City of New York and operated by Pan Am. Although the Space Permit obligates Decair, *inter alia,* to pay the posted price of fuel purchased at such facility by a designated time, there is no specific privilege granted Decair to acquire such fuel. Indeed, it appears that Pan Am supplies fuel at posted prices to any helicopter operator who requests it. Our reading of the Space Permit does not permit the conclusion that Pan Am's failure to refuel the helicopter is embraced within the indemnity clause, as a matter of law. (Cf. *Levine v Shell Oil Co.,* 28 NY2d 205.) Since a triable issue has been raised as to whether or not the fueling of helicopters at the facility was a privilege granted Decair under the Space Permit or one open to the flying public in general, Pan Am's motion should have been denied. Moreover, and in any event, Budd's cross claim should

not have been dismissed since he is not a party to the Space Permit and there appears to be no legal reason submitted for binding him thereto. Finally, in view of our determination hereon, we find it unnecessary to reach the question, raised for the first time on appeal, of the application of section 5-321 of the General Obligations Law to the instant factual situation. Concur—Markewich, J. P., Kupferman, Murphy, Lupiano and Nunez, JJ.