■ HELEN SCHAPPERT, Respondent, v BAKER HALL, Sued Herein as OUR LADY OF VICTORY HOMES OF CHARITY, Appellant.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Since no appeal has been taken by plaintiff, the only question before us is whether Special Term properly denied defendant's motion for summary judgment in this action to recover unpaid compensation for services rendered by plaintiff *(People v Consolidated Edison Co. of N. Y.,* 34 NY2d 646, 648). The conflicting affidavits presented factual questions with respect to the terms of the employment agreement between the parties and as to whether the payments accepted by plaintiff without objection over substantially all of the employment period reflected an agreement in the nature of an accord and satisfaction. With respect to the defenses of laches and estoppel, defendant's affidavits do not demonstrate the change of position prejudicial to defendant in reliance on plaintiff's conduct which would support such defenses *(Glenesk v Guidance Realty Corp.,* 36 AD2d 852). However, the defense of limitation of time is conclusively established as to claims accruing more than six years prior to the institution of this action on January 30, 1975 (CPLR 213, subd 2). No estoppel barring the assertion of such defense has been established. There was no representation or conduct by defendant, calculated to mislead plaintiff, that induced her to forebear instituting a timely action *(Robinson v City of New York,* 24 AD2d 260, 263). On the contrary, plaintiff's own affidavits indicate that in early November, 1974—when suit might yet have been brought for all the damages now demanded—defendant's counsel was disclaiming liability for any claims arising more than two years before that date, and that the parties then were unable to agree as to an amount to be paid to plaintiff. It follows that the Statute of Limitations is an effective bar to claims accruing before January 30, 1969. (Appeal from order of Erie Supreme Court in action on contract of employment.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.