■ JOHN L. HOBBS, Plaintiff, v EUGENE L. SCORSE et al., Defendants and Third-Party Plaintiffs-Respondents. ED FREDERICO, INC., Third-Party Defendant-Respondent; DI MARCO CONSTRUCTORS CORP., Third-Party Defendant-Appellant.—Order unanimously affirmed, with costs. Memorandum: This negligence action arises out of an accident at a construction site. Plaintiff Hobbs alleges that he was struck and injured by a truck operated by defendant Scorse, and owned by defendant Azor Drywall Co., Inc. (Azor). Both defendants brought a third-party action against the general contractor, Di Marco Constructors Corp. (Di Marco), and Hobbs' employer, Ed Frederico, Inc. Di Marco moved to dismiss the third-party action, urging: (1) that the complaint fails to state a cause of action; and (2) that a contract between it and Azor constitutes a defense founded upon documentary evidence. This appeal follows the denial of Di Marco's motion. Initially, we view the third-party complaint as adequately stating a cause of action for apportionment and contribution. It alleges that any liability on the part of the third-party plaintiffs will have been brought about by the primary carelessness of Di Marco, without any such carelessness on their part. Pleadings, particularly claims over, should be liberally construed *(National Compactor & Technology Systems v Kohleriter & Spandorf,* 38 NY2d 933) and while the facts of the case are not disclosed, it is conceivable that Di Marco's liability may be established at trial (see *Taft v Shaffer Trucking,* 52 AD2d 255). The second argument upon which Di Marco relies for its motion to dismiss is based upon the contract between it and its subcontractor Azor. Paragraph 3 of the contract provides: "3. As to all labor or material furnished by Subcontractor, it assumes all obligations assumed by the contractor under its contract with the Owner as though such obligations were herein set forth at length and Subcontractor shall indemnify Contractor of and from any claims, liabilities or obligations which may at any time in any manner arise out of the furnishing of such labor or material by the Subcontractor in connection with the construction of the improvement described in Paragraph '1' above." Di Marco contends that since this accident arose out of the furnishing of labor or material by the subcontractor, the indemnity clause relieves it from liability for its own negligence and therefore entitles it to a dismissal of the third-party complaint. Assuming that Di Marco has correctly construed this indemnity provision, we do not agree that the third-party complaint should be dismissed. The applicability of the indemnification clause is dependent upon a showing that Di Marco has incurred the liability against which it has been contractually indemnified (see *Maryland Cas. Co. v Straubinger,* 19 AD2d 26, 29; *De Angelis v Smith,* 95 NYS2d 52; 28 NY Jur, Indemnity, § 18; cf. *Corbetta Constr. Co. v Driscoll Co.,* 17 AD2d 176, 180). A claim for

indemnity does not arise until the prime obligation has been established *(Burgundy Basin Inn v Watkins Glen Grand Prix Corp.,* 51 AD2d 140, 146) and, therefore, Di Marco may not rely upon the indemnification clause to preclude such obligation, if any, from being determined. The indemnity clause provides for recovery after liability is established; it does not shield an indemnitee from the fixing of liability. Moreover, Scorse is not a party to the contract between Azor and Di Marco, and there is no basis presented which would support dismissal of his third-party complaint (see *Helicopter Assoc. v Decair Helicopter,* 50 AD2d 519). (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.