*702 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs, and the case remitted to Special Term for further proceedings in accordance with the memorandum herein, and as so modified, should be affirmed.
A party against whom a criminal proceeding is pending may not seek declaratory relief. (Reed v Littleton, 275 NY 150; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.06k.) The constitutionality and applicability of the statutory provisions alleged to have been violated are issues to be determined within the criminal proceeding itself. Having received numerous summonses to appear in Criminal Court for alleged violations of chapter 65 of the Administrative Code of the City of New York, appellants were precluded from seeking a declaration of the inapplicability of these provisions to their vehicles.
Since a declaratory judgment action does not lie, the order of the Appellate Division should be modified to strike the grant of summary judgment to respondent and the declaration in its favor. Notwithstanding the unavailability of a declaratory judgment action in this context, we are unable to grant respondent affirmative relief since respondent did not take an appeal from the determination of the Appellate Division. (People v Consolidated Edison Co. of N. Y., 34 NY2d 646, 648; City of Rye v Public Serv. Mut. Ins. Co., 34 NY2d 470, 474.) Upon remittal to Special Term, respondent may make a motion to dismiss the complaint if it be so advised.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, with costs, and the case remitted to Supreme Court, Queens County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.