**Edward S. REDINGTON, Trustee for the Liquidation of Weis Securities, Inc., Plaintiff,**

v.

**HARTFORD ACCIDENT AND INDEM-NITY COMPANY, Defendant.**

No. 77 Civ. 318 (KTD).

United States District Court, S. D. New York.

Dec. 6, 1978.

Hughes Hubbard & Reed, New York City, for plaintiff; Alan H. McLean, Joseph B. Valentine, New York City, of counsel.

Bigham Englar Jones & Houston, New York City, for defendant; James R. Sullivan, New York City, of counsel.

## OPINION & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Edward S. Redington, brings this action as the trustee for the liquidation of Weis Securities, Inc., [hereinafter "Weis"], against the Hartford Accident and Indemnity Co., [hereinafter "Hartford"], seeking indemnification under a Stockholders' Blanket Bond, [hereinafter "the bond"], issued by Hartford to Weis covering, *inter alia,* any loss of money or other property which Weis sustained through any fraudulent or dishonest acts committed by any Weis employee.

The facts of this case are not in dispute. It appears that in January of 1971 Hartford issued to Weis a standard Stockholders' Blanket Bond which insured Weis against various kinds of losses, including any loss of property through the dishonest or fraudulent acts of any Weis employee. Between October, 1971 and April, 1973, Robert K. Lynn, Assistant Controller of Weis and, after April, 1973, the Controller of Weis, made a number of unauthorized withdraw-

als from the corporate funds of Weis, totaling $225,814.20, which he appropriated for his personal use, [hereinafter collectively referred to as the "Lynn transactions"]. Lynn, as well as other Weis employees, continued these fraudulent practices until May of 1973 when the Securities and Exchange Commission (SEC) filed suit in this Court to enjoin Weis and its principals from conducting a securities business in violation of net capital rules. Simultaneously, the Securities Investor Protection Corporation [hereinafter "SIPC"], which administers a fund for reimbursement of public customers of brokerage firms which have failed, applied to this Court to have Weis liquidated. The requests for an injunction and liquidation were granted and on May 30, 1973, Edward S. Redington, plaintiff herein, was appointed Trustee.

After a detailed investigation the SEC informed the Trustee of the Lynn scheme on August 17, 1973. Thereafter, Lynn pleaded guilty to a criminal information charging him with destruction of the Weis journal and ledger entries reflecting his unauthorized withdrawals. The Trustee was able to recover over $46,000 from Lynn himself leaving a net loss of over $178,000 for which amount the Trustee now looks to Hartford. This action was commenced on January 9, 1977.[1] In the second claim of his complaint, the subject of the instant motion, the Trustee seeks to recover this $178,000 loss alleging that Hartford's refusal to indemnify for this loss is a breach of its contractual obligation under the bond.

Defendant has moved, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for partial summary judgment as to plaintiff's second claim. Plaintiff has also cross moved for summary judgment as to the second claim.

Defendant's argument is twofold. First, it argues that under the terms of the bond in issue, plaintiff was required to give notice to defendant as soon as practicable upon knowledge and discovery of the loss and was to file a detailed proof of loss within four months of said discovery, neither of which condition was timely performed. Second, defendant argues that in any event the bond requires plaintiff to commence any legal proceedings for the recovery of any alleged loss arising thereunder within two years from the discovery of such loss and that plaintiff has also failed to meet this condition. Defendant concludes that their denial of coverage based upon plaintiff's failure to comply with the terms of the bond was justified and any liability that may have arisen under the bond is, as a matter of law, at an end.

It is undisputed that plaintiff was appointed Trustee in May of 1973 and that he was put on notice of the Lynn transactions in August of 1973. There is also no dispute that it was not until May of 1974 that the Trustee gave Hartford first notification of any claim arising under the Weis bond and not until December 1975 that this notification was amended to specifically include any loss resulting from the Lynn transactions.

The bond provides, in pertinent part, that:

At the earliest practicable moment after discovery of any loss hereunder the Insured shall give the Underwriter written notice thereof and shall also within six months after such discovery furnish to the Underwriter affirmative proof of loss with full particulars . . .. Legal proceedings for recovery of any loss hereunder shall not be brought prior to the expiration of sixty days after such proof of loss is filed with the Underwriter nor after the expiration of twenty-four months from the discovery of such loss
. . . . .

While plaintiff does not contest that his request for indemnification as well as commencement of the instant suit were un-

1. This action was commenced in Supreme Court, New York County, by service of a summons and complaint upon Hartford on January 7, 1977. Thereafter, Hartford removed the action to this Court pursuant to 28 U.S.C. § 1441. Jurisdiction is founded upon 28 U.S.C. § 1332.

timely under the plain terms of the bond,[2] he argues that Hartford, by virtue of its conduct subsequent to notification of plaintiff's claim arising out of the Lynn transactions, has either waived these time provisions or should be estopped from invoking their protection. He also urges that the fruits of the detailed SEC investigation, fully available to Hartford, fulfills the underlying purpose of the timely notice, proof of claim and commencement of suit provisions of the bond and, therefore, defendant has in no way been prejudiced.

The instant action is essentially one sounding in contract. Accordingly, under the law of New York, the statutory period within which such an action is to be brought is six years. N.Y.Civ.Prac.Law § 213 (McKinney 1972). It is clear, however, that the parties to a contract may designate a shorter period of limitation within which a claim arising out of the contract is to be commenced, so long as the shorter period is itself reasonable. N.Y.Civ. Prac.Law § 201 (McKinney 1972). This is precisely what the parties did in the instant action. They agreed that any action arising under the bond was, quite apart from the notice and proof of claim requirement, to be commenced within two years from discovery of the loss giving rise to the claim.[3]

Plaintiff's first argument is that defendant has waived the shortened period of limitation by not promptly asserting it upon notification of plaintiff's claim in December, 1975. I disagree.

The waiver of a defense, including a period of limitation, is a matter of intent. *See, e. g., Patchogue Citizens Bank & Trust Co. v. Wilson,* 245 App.Div. 766, 280 N.Y.S. 763 (2d Dep't 1935). There is simply no evidence that defendant ever intended to waive the period of limitation set forth in the bond agreement. On the contrary, the record is replete with Hartford's constant reminder, when finally put on notice of the claim, that neither the acceptance of any notice of claim, proof of loss nor investigation of the claim undertaken by defendant was to be construed as an admission of liability or a waiver of any rights or defenses. Plaintiff's Exhibits F, N. Moreover, in June 1976, before the commencement of any legal proceedings, Hartford informed plaintiff, in disclaiming any liability under the bond, that the contractual period of limitation had expired. Indeed, the assertion of this defense prior to the commencement of any legal proceedings not only negatives any intent to waive that defense but also put plaintiff on the plainest possible notice that should legal proceedings be commenced this defense would be relied upon. Thus, I find no basis in fact or law to sustain a waiver of the defense by Hartford.

Plaintiff's second argument is grounded in estoppel. He urges that even absent an intentional waiver the defendant, by virtue of its "equivocal" conduct upon receipt of plaintiff's claim, should be estopped from seeking refuge in the shortened period of limitation. This argument must also fail.

It is well settled that the *sine qua non* of an estoppel is some inequitable or fraudulent conduct engaged in by the party sought to be estopped which is reasonably relied upon by the other party to his detriment. *Dupuis v. Van Natten,* 61 A.D.2d 293, 402 N.Y.S.2d 242 (3d Dep't 1978); *Schappert v. Hall,* 50 A.D.2d 1071, 376 N.Y.

---

2. Plaintiff, by way of excuse, simply states that the vast number of claims against Weis occupied a great deal of his time and he was unable to follow-up on the Hartford bond in a timely fashion. This excuse, under the circumstances of this case, is simply unacceptable. It is clear that on August 17, 1973 the SEC notified a member of the firm of Hughes Hubbard & Reed, as counsel to the Trustee, of the Lynn transactions. While the Trustee may have personally been unable to pursue a claim under the bond, I find it hard to believe that his counsel was unable to find the manpower to begin legal proceedings in a timely fashion.

3. Nowhere does plaintiff attack the two-year contractual period of limitation as an unreasonably short period within which to bring an action arising under the bond. Thus, I assume plaintiff concedes the period to be reasonable and indeed, under the circumstances herein, I must find that it was not unreasonable.

S.2d 757 (4th Dep't 1975). Generally, in the area of shortened periods of limitations, the conduct giving rise to the estoppel consists of one party misrepresenting to the other party that strict compliance with the shortened period will not be required, and thereafter asserting it as a defense upon commencement of an untimely action.

There is no indication in the case at bar that defendant ever represented to plaintiff, either directly or indirectly, that strict compliance with the period of limitation set forth in the bond would not be required. Again, the totality of communications between the parties indicates the contrary. See Plaintiff's Exhibits F, N. Moreover, it is hard to envisage how plaintiff could have ever reasonably relied upon defendant's conduct to his detriment in this regard since the two-year period of limitation had already expired prior to defendant being notified of any claim arising from the Lynn transactions. Accordingly, plaintiff was barred from commencing suit before Hartford was ever aware of any claim against it and before they engaged in any conduct with relation thereto.

■ Furthermore, even if plaintiff could assert the doctrine of estoppel on the facts before me, he lost the opportunity to do so because of his own laches. Although on notice as of June 18, 1978 that Hartford, in no uncertain terms, disclaimed any liability for the Lynn transactions, the plaintiff waited some seven months to commence the instant action against Hartford seeking indemnification for these transactions. See Plaintiff's Exhibits F, N; Plaintiff's Memorandum at 10. It is clear to me that this is a case where the plaintiff has rested on his rights not once but twice and in both instances beyond a period in which these rights may be revived.

Accordingly, there being no genuine issue of triable fact, defendant's motion for partial summary judgment as to plaintiff's second claim is granted and plaintiff's cross motion in this regard is denied.