**ACEROS INDUSTRIALES, S.A. de C.V., Plaintiff,**

v.

**FLORIDA STEEL CORPORATION, Titan Industrial Corporation, Western Hemisphere Titan, Inc., U.S. Steel International, Inc. and U.S. Steel Western Hemisphere, Inc., Defendants.**

**No. 81 Civ. 1186 (MEL).**

United States District Court, S. D. New York.

Jan. 7, 1982.

Riposanu, Joyce, Ahearn, Aballi & Diaz-Cruz, New York City, for plaintiff; Mario Diaz-Cruz, III, James L. Michalak, New York City, of counsel.

Mudge, Rose, Guthrie & Alexander, New York City, for defendant Florida Steel Corp.; Laurence V. Senn, Jr., Shelley B. O'Neill, New York City, of counsel.

Shea & Gould, New York City, for defendants Titan Industrial Corp. and Western Hemisphere Titan Inc.; Harold S. Lyn-

ton, Larry F. Gainen, New York City, of counsel.

LASKER, District Judge.

Florida Steel Corporation, Titan Industrial Corporation, and Western Hemisphere Titan, Inc., move pursuant to Fed.R.Civ.Pr. 56(b) for summary judgment dismissing the claims set forth in Counts I–IV of the complaint on the ground that they are barred by the applicable New York statute of limitations. The motion is granted.

Counts I–IV of the complaint relate to an agreement entered into on June 8, 1976, pursuant to which Aceros purchased steel billets from defendants. Count I alleges breach of contract, Count II alleges breach of express and implied warranties, Count III alleges negligence in manufacture, and Count IV alleges strict tort liability.

The allegedly nonconforming and defective steel billets were delivered to Aceros in August, 1976. The agreement provides that it is governed by New York law and specifies that "[n]o action at law or in equity and no proceeding for arbitration shall be brought by Buyer against Seller unless same shall be brought within one year from the date of delivery of the goods to the Buyer or from the date of the Seller's breach of contract, whichever is earlier." (Ex. B to Affidavit of Harold S. Lynton, ¶ 3(d)). This action was commenced On February 27, 1981.

Defendants contend that the claims are barred by the one year contractual limitations period. They note that under N.Y.U.C.C. § 2–725(1) and N.Y.C.P.L.R. § 201,[1] contractual parties are permitted to provide for a shorter limitations period than the law would otherwise apply. Moreover, defendants argue that the claims are untimely by the applicable statutory limitations periods themselves. They assert that the breach of

---

1. N.Y.U.C.C. § 2–725(1) provides:

"An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it."

N.Y.C.P.L.R. § 201 provides:

"An action, including one brought in the name or for the benefit of the state, must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement. No court shall extend the time limited by law for the commencement of an action.

contract and breach of warranty claims are barred under the four year limitations period of N.Y.U.C.C. § 2–725, and the tort claims under the three year limitation period of N.Y.C.P.L.R. § 214(4).[2]

Aceros responds that the one-year contractual limitation period is not applicable because the contract term materially altered the original agreement for purchase of the goods and therefore, under N.Y.U.C.C. § 2–207(2), must be construed as a mere proposal for an addition to the contract. In addition, Aceros argues that defendants should be equitably estopped from pleading a statute of limitations defense because Aceros is a Honduran plaintiff unfamiliar with the technicalities of American law on statutes of limitations, the defect in the steel was latent, the transaction could be viewed as a continuous one stretching from the first delivery in August, 1976, to the last delivery in June, 1977, and Aceros relied on communications from Titan stating a desire to settle Aceros' claim.

Defendants' reply that § 2–207 is inapplicable to this case because the agreement was an integrated sales contract rather than a confirmation or acceptance as envisaged by § 2–207 and in any event the one year limitation period is not a material alteration of any prior understanding. Moreover, defendants' contend that the sale was conditioned on Aceros' acceptance of the contractual limitation period. In addition, defendants argue that, even if the one year limitations period is not applied, the doc-

trine of equitable estoppel is inapplicable because the doctrine is premised on fraudulent or inequitable conduct on the part of the person sought to be estopped and Aceros concedes that no such conduct occurred here. Defendants assert that mere attempts to settle a claim cannot form the basis for estopping the assertion of a statute of limitations defense and that a party cannot reasonably rely on settlement attempts in failing to comply with limitations periods for bringing suit. In any event, defendants emphasize that the settlement discussions terminated prior to the running of the statutory limitations periods.

■ Aceros' argument against the application of the one year contractual limitation is without merit. Section 2–207 of the New York Uniform Commercial Code applies only where there has been a prior offer or agreement to which the acceptance or confirmation relates.[3] Aceros points to no prior offer or agreement from which it asserts the executed written contract materially differs, and thus it has failed to raise a genuine issue of material fact as to the applicability of the one year contractual period. Moreover, the fixing of a reasonable time for complaints to be brought does not constitute a material alteration of a prior agreement for the sale of goods, N.Y. U.C.C. § 2–207, Official Comment, ¶ 5, and Aceros has presented no basis for finding a one year limitation period unreasonable.

■ In any event, even if we were to find the contractual period inapplicable,

---

**2.** N.Y.C.P.L.R. § 214(4) provides:

"The following actions must be commenced within three years:

\*　　\*　　\*　　\*　　\*　　\*

4. an action to recover damages for an injury to property;"

**3.** N.Y.U.C.C. § 2–207 provides:

"(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms, additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the con-

tract. Between merchants such terms become part of the contract unless:

(a) the offer expressly limits acceptance to the terms of the offer;

(b) they materially alter it; or

(c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this Act."

Aceros' claims would be barred by the relevant statutory limitations periods. Its argument that these periods should not apply because defendants should be estopped is based merely on defendants' statements that they would like to settle Aceros' claims with respect to the steel billets shipments. These expressions are not inconsistent with the assertion of a statute of limitations defense, nor could Aceros reasonably rely on them to delay filing suit based on its claims. Accordingly, the doctrine of equitable estoppel is inapplicable. *See, Redington v. Hartford Accident and Indemnity Co.,* 463 F.Supp. 83 (S.D.N.Y.1978); *Schappert v. Hall,* 50 A.D.2d 1071, 376 N.Y.S.2d 757 (4th Dept. 1975); *Robinson v. New York,* 24 A.D.2d 260, 265 N.Y.S.2d 566 (1st Dept. 1965).

Defendants' motion for summary judgment dismissing Counts I–IV of the complaint is granted.

It is so ordered.