■ Krugman and Fox Construction Corporation, Appellant, v Elite Associates, Inc., Defendant, and CIGNA Prop-

ERTY AND CASUALTY INSURANCE COMPANY et al., Respondents. —In an action, *inter alia,* to recover upon a labor and material payment bond, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke J.), entered June 30, 1989, which granted the motion of the defendants CIGNA Property and Casualty Insurance Company and CIGNA Fire Underwriters Insurance Company pursuant to CPLR 3211 (a) (5) to dismiss the third cause of action.

Ordered that the order is affirmed, with costs.

On March 13, 1985, the defendants CIGNA Property and Casualty Insurance Company and CIGNA Fire Underwriters Insurance Company (hereinafter the sureties) issued a "labor and material payment bond" on a construction contract between the Board of Education of the Middle Island Central School District and the defendant Elite Associates, Inc. (hereinafter Elite), the principal under the bond. The plaintiff Krugman and Fox Construction Corporation was subsequently retained by Elite as a subcontractor. On or about October 14, 1987, prior to completion of the construction project, the Board of Education terminated its contract with Elite. At that time, the plaintiff was still owed money for its labor and materials. Section 3 of the bond provides, in pertinent part: "No * * * action shall be commenced hereunder by any claimant * * * b) After the expiration of one (1) year following the date on which Principal ceased work on said Contract".

From late October 1987 until January 1989, the plaintiff unsuccessfully attempted to obtain the money due to it from both the principal on the bond and the sureties. The plaintiff commenced this action on or about January 10, 1989, more than a year after the principal's termination from the construction project. The sureties moved to dismiss the action pursuant to CPLR 3211 (a) (5), on the ground that it was untimely, and their motion was granted.

A subcontractor is bound, as a third-party beneficiary, to the terms of a material and labor payment bond entered into specifically to secure payment to such parties *(Timberline Elec. Supply Corp. v Insurance Co.,* 72 AD2d 905, 906, *affd* 52 NY2d 793). Additionally, a provision setting forth a reasonable, albeit abbreviated, limitation period is valid and enforceable *(Kassner & Co. v City of New York,* 46 NY2d 544, 550-551; CPLR 201). Thus, the plaintiff is bound by the terms of the bond.

The plaintiff, asserting, *inter alia,* that it was lulled into inaction as a result of its continued communications with both

the principal and the sureties, concludes that the sureties waived their rights under the bond and are estopped from asserting the contractual limitations period. Our review of the record, however, indicates that the evidence submitted by the plaintiff is insufficient to give rise to waiver or estoppel.

It is well established that " '[e]vidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel' " (Culinary Inst. v Aetna Cas. & Sur. Co., 151 AD2d 638, 639, quoting Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968).

Here, the sureties acknowledged receipt of the plaintiff's claim under the bond "without prejudice" and reiterated their reservation of rights on numerous occasions; beginning with its letter dated November 19, 1987, acknowledging receipt of the claim, again by letter dated November 23, 1987, and finally by letter dated October 13, 1988. While the communications between the plaintiff and the sureties continued until after the expiration of the limitations period, the amount of the claim was always in dispute and no settlement was ever offered by the sureties. Therefore, "the plaintiff has offered no evidence from which a clear manifestation of intent by the defendant[s] to relinquish the protection of the contractual limitations period could be reasonably inferred" (Culinary Inst. v Aetna Cas. & Sur. Co., supra, at 639). Nor has it established that the sureties conduct reasonably kept it from acting on its rights under the bond (see, Culinary Inst. v Aetna Cas. & Sur. Co., supra). Accordingly, the Supreme Court properly granted the sureties' motion to dismiss the third cause of action. Mangano, P. J., Bracken, Lawrence and Ritter, JJ., concur.