HUTTON CONSTRUCTION COMPANY, INC., Plaintiff–Appellant, (94–7466)

v.

COUNTY OF ROCKLAND, Defendant–Third–Party–Plaintiff–Appellee, (94–7466)

Clinton Bogert Associates, Third–Party–Defendant–Appellee, (94–7466)

Indemnity Insurance Company of North America; International Fidelity Insurance Company, Counterclaim–Defendants–Appellees. (94–7466)

COUNTY OF ROCKLAND, Plaintiff–Appellee, (94–7468)

v.

HUTTON CONSTRUCTION COMPANY, INC., Defendant–Appellant. (94–7468)

Nos. 679, 680, Dockets 94–7466, 94–7468.

United States Court of Appeals, Second Circuit.

Argued Oct. 28, 1994.

Decided April 25, 1995.

Mary P. Bass, New York City (Bass & Brennan, John P. Brennan, of counsel), for plaintiff-appellant (94–7466) and defendant-appellant (94–7468).

Darryl Weissman, Roseland, NJ (Wolff & Samson, Christine Romeo, On the Brief, Sills Cummis et al., Newark, NJ, Thomas J. Demski, Lester Chanin, On the Brief), for counterclaim–defendants–appellees Indem. Ins. Co. of North America and Intern. Fidelity Ins. Co. (94–7466).

Richard Wasserman, New York City (Sinnreich Wasserman Grubin & Cahill, On the Brief), for defendant–third–party–plaintiff–appellee (94–7466) and plaintiff–appellee (94–7468) County of Rockland.

Before VAN GRAAFEILAND, McLAUGHLIN, and LEVAL, Circuit Judges.

LEVAL, Circuit Judge:

Hutton Construction Company, Inc. ("Hutton") appeals from the judgment of the United States District Court for the Southern District of New York, Loretta A. Preska, *Judge*, enforcing a settlement agreement. We affirm.

The County of Rockland, New York (the "County") contracted with Hutton for the installation of sewer pipe. Clinton Bogert Associates ("CBA"), the County's consulting engineers, were to design and supervise the contract. As a guarantee of its performance of the contract, Hutton entered into an Agreement of Indemnity ("Agreement") with the Indemnity Insurance Company of North America and the International Fidelity Insurance Company (the "Sureties") to provide performance and payment bonds to the County.

After the installation of the sewer pipe was underway, Hutton claimed that it encountered unexpected subsurface conditions that increased the cost and difficulty of the job. The County did not accept Hutton's claims, and eventually terminated Hutton's contract.

Numerous disputes arose. The County asserted claims against Hutton, and its Sureties, for the cost of completing and correcting Hutton's work and for other expenses. It also brought suit against CBA for failure to perform its duty to design and supervise the contract. Hutton brought claims against the County for failure to provide adequate plans and specifications, for additional costs incurred due to unanticipated subsurface conditions, and for damages for wrongful termination of its contract. Hutton also brought suit against CBA alleging that CBA wrongfully caused the County to breach and terminate Hutton's contract.

Because Hutton was unable to pay, the Sureties advanced funds to Hutton to enable it to prosecute its claims. The Sureties also incurred expenses chargeable to Hutton under their agreements. In accordance with the Indemnity Clause of their agreement, on November 20, 1990, the Sureties demanded that Hutton make indemnity payments, which Hutton failed to do.

When the trial was about to begin, a settlement was reached among the County, CBA, and the Sureties, who purported to settle on Hutton's behalf as well as their own. Hutton did not take part in the settlement agreement.

On the basis of this settlement, the Sureties moved to dismiss the action and sought an order enforcing the settlement agreement. Hutton opposed the motion, claiming among other things that triable issues of fact existed as to whether the Sureties had the right to settle on its behalf, and whether such right, if it had existed, was barred by the passage of time, waiver, estoppel, or laches.

The district court found no triable issue of fact. The court granted the Sureties' motion for enforcement of the settlement and ordered that the agreement settling all claims arising out of the action be enforced under the court's equitable powers.

The court concluded that Hutton's failure to make the demanded indemnity payments constituted a breach of Hutton's obligations to the Sureties and thus activated the Assignment Clause, causing assignment to the Sureties of all of Hutton's rights growing out of the construction contracts, as collateral securing its obligations to the Sureties, and giving the Sureties the right to settle not only the County's claims against Hutton, but also Hutton's affirmative claims against the County and CBA.

The court also noted that the Attorney in Fact Clause unambiguously appointed the Sureties as Hutton's attorneys in fact with the power to exercise all rights assigned to them under the Agreement.

We agree with the district court. The Agreement of Indemnity unambiguously provides that all Hutton's rights "growing in any manner out of" the insured contracts were assigned to the Sureties when Hutton breached the Agreement by failing to indemnify the Sureties on demand. The Assignment Clause and the Attorney in Fact Clause give the Sureties the authority to settle all claims on behalf of Hutton, including not only claims against the Sureties "upon the bonds," but also Hutton's affirmative claims growing out of its insured contracts.

Hutton argues that this power is not to be found in the "Settlements Clause" of the Agreement, which gives the Sureties the right "to adjust, settle or compromise any claim ... upon the Bonds" and does not mention any right to settle Hutton's affirmative claims growing out of its construction contracts. Hutton is correct that the Settle-

ments Clause does not furnish the Sureties with the power to settle Hutton's affirmative claims. Nonetheless, because that power is furnished by other provisions of the agreement, its absence from the Settlements Clause is of no moment.

In the alternative, Hutton argues that any rights of the Sureties to receive indemnification payments from Hutton or to receive assignment of Hutton's claims were time barred under the six-year statute of limitations, N.Y.C.P.L.R. § 213.

■ As to the indemnification rights, Hutton argues that liability existed in March 1987 when the County made demand on the Sureties to complete Hutton's work pursuant to the performance bond, and therefore the six-year limitations period would have run in March 1993, prior to the institution of the action. Hutton promised to indemnify the Sureties "as soon as liability exist[ed] or [was] asserted against the Sureties." Thus, the Sureties need not have suffered a loss before seeking indemnification from Hutton.

As the district court correctly noted, however, under New York law, no liability existed until it was fixed by a judgment or a fair settlement. *See Smith v. Hooker Chems. & Plastics Corp.*, 89 A.D.2d 361, 455 N.Y.S.2d 446, 449–50 (App.Div.1982) (indemnification claim against liability does not accrue until the underlying claim is resolved), *appeal dismissed*, 58 N.Y.2d 824 (1983); *Hobbs v. Scorse*, 59 A.D.2d 1037, 399 N.Y.S.2d 783, 785 (App.Div.1977) ("claim for indemnity does not arise until the prime obligation has been established"); *see also Goodridge v. Harvey Group, Inc.*, 778 F.Supp. 115, 133 (S.D.N.Y. 1991) ("agreements to indemnify against liability become enforceable when the liability is fixed, rather than solely upon the indemnified party's satisfaction of that liability"); *see generally Carey Transp., Inc. v. Greyhound Corp.*, 80 B.R. 646, 652 (S.D.N.Y.1987) (if indemnitor is given "an opportunity to approve a proposed settlement" and fails to do so, indemnitee can settle claim reasonably and "recover for the settlement on a showing that he was potentially liable"). Because the County obtained no judgment against Hutton, the Sureties' indemnification claim did not accrue until the settlement.

■ On appeal, Hutton asserts a new argument, not raised in the district court, that enforcement of the settlement would violate the Uniform Commercial Code's requirement, under §§ 1–102(3), 9–207(1), 9–501, and 9–504, that the Sureties' settlement be commercially reasonable and in good faith. Hutton contends the Sureties gave up enormous claims of Hutton in order to escape liability on relatively trivial claims against the Sureties. The Sureties counter, first, that Hutton is puffing the value of its claims; they argue further that Hutton, having nothing to lose and everything to gain, is seeking to spoil the settlements so that it can gamble using the Sureties' money. A federal appellate court will generally not consider an issue not raised below. *Christensen v. Kiewit–Murdock Inv. Corp.*, 815 F.2d 206, 215 (2d Cir.), *cert. denied*, 484 U.S. 908, 108 S.Ct. 250, 98 L.Ed.2d 209 (1987). We decline to consider Hutton's new contention.

Hutton's waiver, estoppel, and laches arguments need not detain us long. On four occasions, the Sureties reserved their rights under the Agreement. Thus, Hutton cannot argue that the Sureties waived their rights, *see Krugman & Fox Constr. Corp. v. Elite Assocs., Inc.*, 167 A.D.2d 514, 562 N.Y.S.2d 188, 190 (App.Div.1990), *appeal denied*, 77 N.Y.2d 806, 568 N.Y.S.2d 913, 571 N.E.2d 83 (1991), or that Hutton reasonably relied on promises that the Sureties would never assert their rights, *see Redington v. Hartford Accident & Indem. Co.*, 463 F.Supp. 83, 86 (S.D.N.Y.1978), or that Hutton had no notice the Sureties might assert their rights. *See Dwyer v. Mazzola*, 171 A.D.2d 726, 567 N.Y.S.2d 281, 282 (App.Div.1991). Judgment affirmed.