101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
CAROL RUTH, INC.; Pandora Industries, Inc.,
Plaintiffs-Counter-Defendants-Appellants,
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,
Defendants-Counter-Claimants-Appellees.
 No. 95-9006.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANTS: Daniel A. Zimmerman, Westbury, NY.
 APPEARING FOR APPELLEES: William E. Kelly, Lane & Mittendorf LLP, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Before MINER, MCLAUGHLIN and LEVAL, Circuit Judges.
 
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was argued by counsel.
 
 
 4
 Appellants Carol Ruth, Inc. and Pandora Industries, Inc. (together "Pandora") appeal from a judgment entered in the United States District Court for the Southern District of New York (Bernikow, M.J.), after a bench trial, dismissing Pandora's action to recover monies allegedly owed to it due to an improper draw down on a letter of credit.[1]
 
 
 5
 Appellee Provident Life and Accident Insurance Company ("Provident"), pursuant to a series of insurance agreements, (together, the "Insurance Agreement") provided group health insurance on a minimum premium basis to the employees of Wingspread Corporation ("Wingspread").
 
 
 6
 State law required Provident to maintain reserves to cover minimum premium coverage. Pursuant to the Insurance Agreement, Wingspread was required to fund the reserves, but, as an alternative, Wingspread was permitted to provide funding through a letter of credit ("LOC") established in Provident's favor and issued by North Carolina National Bank ("NCNB"). On April 6, 1987, Wingspread filed a Chapter 11 bankruptcy petition and, on May 13, 1988, Wingspread sold its assets to Pandora, free of all liens, claims, encumbrances, and liabilities, except for those specifically assumed by Pandora. At Pandora's direction, Pandora's bank, Congress Financial Corporation ("Congress"), provided NCNB with a letter of indemnity (the "Letter of Indemnity"), in which Congress agreed to indemnify NCNB from any calls on the LOC.
 
 
 7
 On September 27, 1988, Provident submitted a sight draft to NCNB and drew down the total amount of the LOC, which at that time was $205,000. After NCNB paid the $205,000 drawn on the LOC, NCNB charged the same amount to Congress under the Letter of Indemnity. In turn, Congress charged Pandora's account on October 14, 1988.
 
 
 8
 On April 9, 1990, Pandora commenced the action giving rise to this appeal. Pandora claimed that it was entitled to recover from Provident the sum of $121,442 of the $205,000 charged to its account, and advanced a number of theories of liability in support of its claim: monies had and received, breach of contract, and subrogation. The district court rejected the various theories of recovery advanced by Pandora in a comprehensive Opinion and Order dated March 24, 1995.
 
 
 9
 On appeal, Pandora makes the same arguments that it made in the district court, and puts forward the additional theory of constructive trust. However, this court generally refuses to consider an argument that was not made in the district court, see Hutton Constr. Co. v. County of Rockland, 52 F.3d 1191, 1193 (2d Cir.1995), and we see no reason to depart from our usual practice here.
 
 
 10
 We affirm, substantially for the reasons given in the Opinion and Order of the district court.
 
 
 
 [1]
 The district court, in dismissing Pandora's claim, used the language "failure to state a claim upon which relief may be granted." This language traditionally has been used when granting a Fed.R.Civ.P. 12(b)(6) motion. However, as is apparent from its cite to Fed.R.Civ.P. 52(a), the district court meant that Pandora failed to prove any facts that warranted relief